UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GEORGE M. GUTIERREZ,

Plaintiff,

v.

CIRCLE K CORP, et al.,

Defendants.

Case No. 2:15-cv-01557-APG-PAL

**REPORT OF FINDINGS AND RECOMMENDATION**

This matter is before the court for a screening of Plaintiff George M. Gutierrez's Complaint. Plaintiff is a prisoner in the custody of the Nevada Department of Corrections and is proceeding in this action *pro se* and *in forma pauperis*. The Complaint is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

## I. SCREENING THE COMPLAINT

After granting a prisoner's request to proceed *in forma pauperis*, a federal court must screen the complaint and any amended complaints filed prior to a responsive pleading. 28 U.S.C. § 1915; *Jones v. Bock*, 549 U.S. 199, 213–14 (2007). The court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e (Prison Litigation Reform Act of 1995 (PLRA)); 28 U.S.C. § 1915A(b). When a court dismisses a complaint upon the initial screening, a plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127–

29 (9th Cir. 2000) (en banc) (although the PRLA requires dismissal of a faulty complaint, a court retains discretion to grant leave to amend if the deficiencies could be cured). If Plaintiff has paid the initial partial filing fee and the Complaint states a valid claim for relief, the Court will direct the Clerk of the Court to issue summons to the defendant(s) and instruct the United States Marshal Service to serve the summons and complaint. *Cf.* Fed. R. Civ. P. 4(c)(3); LSR 1-3(c) (requiring that a prisoner's initial partial filing fee be paid "*before* the Court will order service of process") (emphasis added).

**A. Plaintiff's Factual Allegations and Claims for Relief**

Plaintiff names as Defendants Circle K Stores Corp., the Texas Lottery Commission, Jane Doe Clerk, and Jane Doe Manager. The Complaint alleges that Plaintiff won $250,000 in the Texas two-step lottery in or around April 2005. However, when he went to a Circle K store to check the numbers, the clerk refused to return the winning lottery ticket to him. The next day, Plaintiff returned to the Circle K store to speak to the manager but the manager failed to help him. He states that he felt "like a fool and just bought beer" to console himself. Plaintiff alleges that the storeowner approached him and he was afraid for his life. The cops then kicked him out of Texas. Plaintiff alleges that he was defrauded and misled as a result of Circle K's unfair business practices. Plaintiff seeks no less than $1 million in pecuniary and punitive damages.

**B. Legal Standard**

Federal courts are required to dismiss an *in forma pauperis* action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound to accept without question truth of plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless," *id.*, or lack an arguable basis in law and fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional

scenarios). *Id*. at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under §§ 1915 and 1915A is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

For purposes of § 1915's screening requirement, a properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The simplified pleading standard set forth in Rule 8(a) applies to all civil actions with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice. *Id.* at 679–80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (joining five other circuits finding that liberal construction of *pro se* pleadings is still required after *Twombly* and *Iqbal*). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**C. Analysis**

For the reasons discussed below, the court finds that the Complaint does not state a basis for federal jurisdiction as it fails to state a federal claim upon which relief can be granted.

**1. Jurisdictional Defect**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A court's jurisdiction to resolve a case on its merits requires a showing that the plaintiff has both subject matter and personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Subject matter jurisdiction gives a court jurisdiction over the *type of case* that a plaintiff brings. There are two kinds of subject matter jurisdiction: (a) federal question, giving the district court original jurisdiction over all "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (a) diversity of citizenship, giving the district court original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $75,000, 28 U.S.C. § 1332. Dismissal is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Plaintiff's Complaint does not allege any grounds for this court's jurisdiction. Although Plaintiff uses the court's form complaint for civil rights actions under 42 U.S.C. § 1983 and mentions the First, Seventh, and Fourteenth Amendments in passing, the bulk of the allegations alleges that Plaintiff was defrauded and misled as a result of Circle K's unfair business practices. Thus, his claims are not based on deprivations of constitutional rights, and he is actually attempting to sue Defendants for a state tort or contract claim. Plaintiff's Complaint must, therefore, meet the requirements for diversity jurisdiction. To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties, and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). *See Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181 (2010). Plaintiff has not alleged that he and the Defendants have a complete diversity of citizenship. Accordingly, Plaintiff has not pled a basis for this court to exercise subject matter jurisdiction.

Furthermore, the Complaint fails to demonstrate that Defendants are subject to personal jurisdiction in Nevada. Personal jurisdiction gives a court jurisdiction over the *person or entity* against whom the case is brought. Personal jurisdiction is based on principles of individual liberty and it represents a restriction on judicial power. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Due process requires that a nonresident defendant have minimum contacts with the forum state, in this case Nevada, such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 838 (9th Cir.1986). A defendant's conduct and connection with the forum must be such that the defendant should reasonably anticipate being haled into court there. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

In this case, the conduct about which Plaintiff complains occurred in the state of Texas. Plaintiff alleges that Circle K and the Texas Lottery Commission conduct business in Texas. Plaintiff alleges that the "Doe" clerk and manager worked at the Circle K store located in Texas. As such, the Complaint alleges no facts to establish that Defendants' conduct and connections with Nevada are sufficient that they would reasonably anticipate being sued in Nevada. Plaintiff has not established that this court has personal jurisdiction over Defendants. It is doubtful Plaintiff will be able to establish personal jurisdiction over all of Defendants in Nevada as the events about which he complains all occurred in Texas. However, even if Plaintiff could plead additional facts to establish personal jurisdiction leave to amend will not be granted because Plaintiff cannot cure the other defects in his Complaint noted in this order.

**2. <u>Statute of Limitations</u>**

The statute of limitations is usually a matter to be raised as an affirmative defense; however, the court may consider affirmative defenses that are apparent on the face of the complaint. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–29 (9th Cir. 1984). Accepting Plaintiff's complaint allegations as true, it is clear that the Complaint fails to state a claim upon which relief may be

/ / /

granted because the applicable statutes of limitation render his claims time-barred, that is, Plaintiff waited too long to file his complaint.

To determine whether the claims are time-barred, the court must first determine whether the Nevada or Texas the statute of limitations applies. A federal district court applies the choice-of-law rules of the state courts in the district where it sits. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct.*, 134 S. Ct. 568, 582 (2013); *Klaxon Co. v. Stentor Elec. Mfg.*, 313 U.S. 487, 496 (1941). To determine which state's law to apply to a plaintiff's claims, Nevada applies the Second Restatement's "most significant relationship" test. *Gen. Motors Corp. v. Eighth Jud. Dist. Ct.*, 122 Nev. 466, 134 P.3d 111, 116 (Nev. 2006). Under this test, the rights and liabilities of parties regarding the claim are governed by the local law of the state that has the most significant relationship to the occurrence and the parties. *Id.* (quoting Restatement (Second) of Conflict of Laws § 145).

In this case, the court finds that Texas holds the most significant relationship to the events and the parties at issue. Defendants are Texas residents and Plaintiff was a Texas resident at the time of the events. The events alleged in the Complaint occurred in Texas. As a result, Texas law applies to Plaintiff's claims. The Texas limitations period for contract claims is four years. *See* Tex. Civ. Prac. & Rem. § 16.051; *see also Stillwell v. RadioShack Corp.*, 676 F. Supp. 2d 962, 979 (S.D. Cal. 2009) (citing *Continental Cas. Co. v. Dr. Pepper Bottling Co. of Texas*, 416 F. Supp. 2d 497, 506 (N.D. Tex. 2006)). The Texas limitations period for fraud claims is also four years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004.

Plaintiff commenced this lawsuit on August 14, 2015. The Complaint alleges that the events occurred in April 2005—over ten years before filed his application to proceed *in forma pauperis* and submitted his complaint. In general, a legal claim accrues when a plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. *See Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992); *accord Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action"). Plaintiff alleges that he returned to the Circle K store one day after the clerk refused to return his lottery ticket but, when the manager

failed to help him, he felt "like a fool and just bought beer" to console himself. Compl. at 5. These allegations show that Plaintiff was aware of the injury and his potential legal claims in April 2005. Therefore, even if Plaintiff could state sufficient facts to allege subject matter and personal jurisdiction over Defendants, which is doubtful, his claims are time-barred under the applicable statutes of limitations because he did not initiate an action within four years, *i.e.*, by April 2009. The court finds Plaintiff's Complaint fails to state a claim upon which relief can be granted, and that granting leave to amend would be futile. The court will therefore recommend dismissal of his case.

Accordingly,

**IT IS RECOMMENDED** that this action be DISMISSED with prejudice and the Clerk of the Court be instructed to enter judgment accordingly.

Dated this 1st day of August, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE